IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALEXIS BELL, )
)
Plaintiff, ) CAUSE NO. ___________________
)
v. ) COMPLAINT
)
CRB ARCHITECTS-ENGINEERS P.C., ) JURY TRIAL REQUESTED
)
Defendant. )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended ("ADA"), and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and disability and to provide relief to Alexis Bell ("Plaintiff" or "Bell"), who was adversely affected by such practices, and to prevent further occurrence of such practices.

As alleged with greater particularity in paragraphs eleven (11) through nineteen (19) below, Plaintiff alleges that Defendant **CRB ARCHITECTS-ENGINEERS P.C.**, ("CRB" or "Defendant") unlawfully discriminated against Bell when it constructively discharged her because of her pregnancy and medical conditions related to her pregnancy on or about December 4, 2019, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy

Discrimination Act ("PDA"), 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1).

Plaintiff further alleges that her medical restrictions stemmed from a disability within the meaning of the Americans with Disabilities Act, as amended in 2008, and Defendant terminated her in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. § 12112(a) and § 12112(b)(5)(B).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and(3), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, pursuant to Title VII, 42 U.S.C. §2000e-5(f)(3) and the ADA, 42 U.S.C. §12117(a).

## PARTIES

3. Plaintiff, Alexis Bell, is a resident of Missouri and a former employee of Defendant, where she worked as a Senior Data Analyst.

4. At all relevant times, CRB has been doing business in St. Louis, Missouri

continuously as a Missouri professional corporation, and has continuously had at least fifteen (15) employees.

5. At all relevant times, CRB has continuously been an employer engaged in an industry affecting commerce under both Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), as well as the ADA, 42 U.S.C. § 12111(5) and (7).

6. At all relevant times, CRB has been a covered entity covered under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. On or about February 10, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and the ADA by CRB.

8. The EEOC provided Defendant with notice of Plaintiff's Charge of Discrimination and conducted an investigation.

9. On or about October 19, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. In or around December 4, 2019, Defendant engaged in unlawful employment practices by discriminating against Plaintiff, a qualified individual

with a disability, when it caused Plaintiff's constructive discharge because of her sex (pregnancy) and medical conditions related to her pregnancy and because she was disabled, regarded as disabled, and had a record of disability, in violation of Title VII, 42 U.S.C. § § 2000e(k) and 2000e-2(a)(1), and the ADA, 42 U.S.C. §12112(a) and 12112)b)(5)(B).

12. CRB has offices located in St. Louis, Missouri, and Plaintiff worked there as a Senior Data Analyst, beginning on or about September 24, 2019. Her immediate supervisor was Tracy Stanfield.

13. CRB is a Missouri professional corporation created on June 23, 2008, with its principal offices now located at 1251 NW Briarcliff Parkway, Suite 500, Kansas City, Missouri 64116.

14. Plaintiff is a female who had pregnancy conditions, some of which were also or have been perceived as being physical or mental conditions that substantially limit one or more major life activities, but she was qualified to perform the essential functions of her job with or without reasonable accommodations.

15. On November 8, 2019, Plaintiff discovered that she was an at risk pregnancy, in part, due to her qualifying ADA condition, and she notified Defendant of her pregnancy.

16. On or about November 15, 2019, Plaintiff went to Stanfield and requested a reasonable accommodation for her pregnancy related illness to work a

temporary reduced work schedule, which was similar to what two other team members were already doing. Three days later, Plaintiff had to go to the local urgent care due to her qualifying ADA condition. The doctor there told Plaintiff that she should work a reduced schedule. Plaintiff told Stanfield the next day about the urgent care visit and what the doctor recommended. Stanfield said he had an answer to Plaintiff's request for a reasonable accommodation of her pregnancy related illness but he wanted to tell her in a scheduled one on one meeting for November 21, 2019.

17. In that meeting, instead of receiving a reasonable accommodation for her pregnancy illness or even a direct response to her request, Plaintiff received a Performance Improvement Plan ("PIP") from Stanfield. After the meeting, Plaintiff complained about the PIP and the failure to accommodate her request to Human Resources, Patti St. Vincent. The next day Plaintff had a phone meeting to discuss the PIP with Stanfield. Plaintiff disagreed with the plan because she believed she was being setup to fail particularly since there was no sign her medical condition was going to get better and her request for an accommodation had not been granted. Plaintiff had another phone meeting the next day with Stanfield and St. Vincent where they told Plaintiff she could either accept the PIP, or go on a voluntary leave of absence with no pay or benefits. It was clear to Plaintiff at this point that they were trying to make her work conditions so intolerable that she would just quit. This is particularly true since Stanfield, prior

to Plaintiff advising him of her pregnancy and requesting a reasonable accommodation, had provided nothing but positive feedback to Plaintiff and to the third-party recruiter, John Millett, who had placed Plaintiff with CRB.

18. Plaintiff decided to try and work 40 hours because she could not afford to lose her pay and benefits. She asked to work a reduced schedule again and the request was denied. She asked to work from home during the shortened holiday week and that was granted. Plaintiff returned to work on November 25, 2019, but her illness did not improve. Bell was admitted to the ER on November 26, 2019. Her doctor ordered her not to work in any capacity until December 5, 2019. After showing this documentation to Stanfield and St. Clair, both continued to contact Plaintiff during her medical leave via text and email, pressuring her to work on assignments, attend meetings, and sign the PIP.

19. In consultation with her doctor, Plaintiff decided on December 4, 2019, that she had to quit to protect her health and her pregnancy. Plaintiff sent in her resignation letter that day.

20. This is discrimination due to my pregnancy conditions, some of which are qualifying ADA disabilities, and retaliation for having participated in protected activities and is all in violation of the ADA and Title VII, both as amended.

21. The effect of the practices complained of in paragraphs eleven (11) through nineteen (19) above has been to deprive Plaintiff, an employee covered by

the ADA and Title VII, of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex (pregnancy) and disability.

22. The unlawful employment practices complained of in paragraphs eleven (11) through nineteen (19) above were and are intentional.

23. The unlawful employment practices complained of in paragraph eleven (11) through nineteen (19) above were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on sex or disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment

practices including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Plaintiff by by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs eleven (11) through nineteen (19) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E. Order Defendant to make whole Plaintiff by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs eleven (11) through nineteen (19) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other nonpecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through nineteen (19) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award Plaintiff her attorney's fees and her costs of this action as the prevailing party in this matter.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted,

By: ____________________________

Matthew J. Ghio, Bar #44799MO
GHIO LAW FIRM, LLC
3115 S. Grand Blvd, Suite 100
St. Louis, MO 63118
Phone: (314) 707-5853
Fax: (314) 732-1404
matt@ghioemploymentlaw.com
ATTORNEYS FOR PLAINTIFF